PER CURIAM.
Alec M. Patterson appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court correctly denied relief, and we affirm.
In February 1996, Patterson pleaded guilty to five charges, including two counts of DUI manslaughter, and was sentenced *162 in March 1996. He did not appeal his conviction or sentence. He filed this motion in June 1998, and it is untimely.
Patterson attempts to circumvent the two-year time limit set out in rule 3.850 by alleging that in 1997 he received records showing that the blood type on the alcohol test administered to determine his blood alcohol level was different from his blood type, and the blood alcohol level was altered on the report. Patterson explains that the documents upon which these arguments are based are his medical records. All of these records existed and were available to both him and his counsel when he pleaded. Consequently, this is not newly discovered evidence. See Downs v. State, 740 So.2d 506, 513 (Fla.1999).
Patterson also argues that the evidence against him was obtained illegally, and counsel did not object or file a motion to suppress this evidence. He alleges that his blood alcohol level was obtained from the hospital without a properly issued subpoena. However, Patterson’s description of how the records were obtained from the hospital comports with the statutory procedure that requires the State to notify Patterson’s counsel of its intent to subpoena the records. See § 395.3025(4)(d), Florida Statutes (1995). The records were procured legally.
Patterson’s remaining claims are equally without merit.
Affirmed.
NORTHCUTT, A.C.J., and CASANUEVA and SALCINES, JJ., Concur.